GILBERTO MELÉNDEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 35. Argued February 4, 1946.—Decided February 28, 1946.

*Miranda & Miranda Esteve* for petitioner. *Otero Suro & Otero Suro* for intervener, plaintiff in the main action. *Miguel Marcos Contreras* for Chester Bowles, Administrator of the Office of Price Administration, as *amicus curiae*.

MR· JUSTICE DE JESÚS delivered the opinion of the court.

On July 18, 1945, Pedro Serabals brought an action of unlawful detainer in the municipal court against Gilberto Meléndez. He alleged that the lease contract of a dwelling to which he and Meléndez had agreed was from month to month; that the tenant paid a monthly rental of $40 for the first story of the house; that on July 3, plaintiff notified the defendant that he considered the contract of lease terminated after said date and granted him a period of ten days to vacate the premises. He further alleged that the plaintiff had the necessity in good faith to recover possession of the house in order to make certain repairs and alterations, which he described, and which could not be carried out while the defendant was occupying the premises.

Section 6(a) (5) of the Regulation of the Office of Price Administration was in force at the time of the filing of the complaint, and it provided that unlawful detainer proceedings could be instituted whenever it was necessary in good faith to acquire the house in order to make changes or repairs therein.

On September 6, 1945, the municipal court dismissed the complaint. The plaintiff appealed to the district court, but while the case was pending in said court, the Office of Price Administration revoked § 6(a) (5) of its Regulation, said repeal to become effective on September 15, 1945. This notwithstanding, on November 26, 1945, the district court rendered judgment for plaintiff. To review this judgment, and relying on Act No. 32 of 1943 (Laws of 1943, p. 84), since a matter of public interest was involved, defendant applied for a writ of certiorari, which we issued.

 Petitioner contends that having the Office of Price Administration repealed § 6(a) (5), the district court lacked jurisdiction to render judgment. Plaintiff in the case of unlawful detainer maintains in his brief presented to this court that since § 6(a) (5) was effective when he filed the complaint, his right to obtain judgment could not be affected by the subsequent repeal of said Section.

In the brief filed in this court by the Rent Director of the Office of Price Administration, as *amicus curiae,* our attention is called to the fact that immediately after the repeal of § 6(a) (5) the Office of Price Administration gave out an official construction of the scope of said repeal as to those proceedings which were pending before the courts on September 15, 1945. According to this construction, where no judgment has been rendered in the case in the last-mentioned date, the court lacks jurisdiction to render it and the complaint must be dismissed; but if prior to that date a judgment is entered, the court may continue the proceedings as if no repeal had taken place.

714

In our opinion the construction given by the Office of Price Administration to the legal effect of the repeal of § 6(a) (5) is perfectly consistent with the spirit of the Act creating the Office of Price Administration and especially the rent regulation. This Act and Regulation pursue the commendable purpose of averting the present shortage of housing accommodations which has emerged as a result of the World War. The repeal of § 6(a) (5) tries to prevent the landlord, under the pretext of making repairs, from evicting a tenant who has been punctually paying his lease rental. The Act and the Regulation are of a remedial nature and naturally require a construction which may safeguard the greater number of persons affected by the crisis which it tries to ward off. Accepting this construction, the repeal should be applicable to actions commenced before it was effective, but where judgment was rendered after the repeal, as well as to those actions commenced thereafter.

In our opinion the lower court lost jurisdiction to render the judgment sought to be reviewed, which should, therefore, be annulled and the case remanded in order that another judgment be rendered dismissing the complaint.